UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY RUSSELL GLOVER,

        Petitioner,

                                          Civil No: 07-CV-11305
                                          Honorable Patrick J. Duggan

v.

CARMEN PALMER,

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY</u>**

Petitioner Sandy Glover ("Petitioner"), a Michigan Department of Corrections' inmate currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his August 31, 2000 conviction following a jury trial in the Circuit Court for Livingston County, Michigan. The jury convicted Petitioner of assault with intent to do great bodily harm less than murder in violation of Michigan Compiled Laws Section 750.84 and malicious destruction of personal property greater than $200.00 in violation of Michigan Compiled Laws Section 750.377a(1)(c)(i).[1] On October 27, 2000, the trial court sentenced Petitioner as a second habitual offender under Michigan Compiled Laws Section 769.10 to a term of imprisonment of six to fifteen years for the

---

[1] Petitioner also was charged with third-degree criminal sexual conduct in violation of Michigan Compiled Laws Section 750.83. The jury was unable to reach a verdict on this charge, however, and the trial court entered a mistrial on that count.

assault conviction and ninety days for the malicious destruction of property conviction. For the reasons set forth below, the Court denies the petition.

## Background

Petitioner's convictions arose from his assault upon Kerrie Wensko, who at the time was his estranged wife.[2] Both Petitioner and Ms. Wensko testified at trial, each providing a different version of events. Ms. Wensko testified that Petitioner attacked and raped her. Petitioner testified that he and Ms. Wensko got into an argument, each physically attacked the other, they eventually stopped fighting and engaged in consensual sex, and that Ms. Wensko left his house the next morning. Petitioner did admit to slamming his fist into Ms. Wensko's car, causing the rear passenger window to shatter. The jury apparently believed Ms. Wensko's version of the events (except regarding the alleged rape) and convicted Petitioner of assault with intent to cause great bodily injury less than murder and malicious destruction of property valued at more than $200.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. The trial court erred where it sustained the prosecutor's objection to the testimony of complainant's conversation with defense counsel where complainant had specifically stated to counsel that a charged offense had not occurred.
>
> II. Defendant must be resentenced where the lower court erroneously scored 50 points for terrorism under OV7.

---

[2]Petitioner and Ms. Wensko are now divorced.

> III. The trial judge improperly assessed a fifteen-point score on offense variable 8, "victim was carried away or held captive."
>
> IV. The trial court erred in improperly calculating the credit for time served as to count 1 as 314 days, vice 322 despite defendant's specific objection.

In an order issued on January 22, 2002, the Michigan Court of Appeals remanded the matter for resentencing to reflect credit for 321 days of time served but denied the application for delayed appeal "[i]n all other respects . . . for lack of merit in the grounds presented." *People v. Glover*, No. 237551 (Mich. Ct. App. Jan. 22, 2002) (unpublished opinion).

Petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court in which he raised the first three claims that he raised in the Court of Appeals. On October 29, 2002, the Michigan Supreme Court denied Petitioner's application because the Court was "not persuaded that the questions presented should be reviewed by [the] Court." *People v. Glover*, 467 Mich. 891, 653 N.W.2d 410 (2002).

Petitioner subsequently filed a motion for relief from judgment in the trial court raising the following issues: (I) that his arrest violated the Fourth Amendment; (II) that his trial counsel had a conflict of interest; (III) that Petitioner was denied the effective assistance of counsel on appeal due to counsel's failure to initiate Plaintiff's appeal in a timely manner; (IV) that the prosecutor committed misconduct; and (V) Petitioner's sentence was improperly enhanced. In an opinion and order dated December 29, 2004, the trial court denied the motion. The court held that Petitioner's arrest was not

unconstitutional and that he failed to demonstrate that his sentence was improperly enhanced. The court rejected Petitioner's remaining claims because he "failed to establish ineffective assistance of counsel, or good cause why these issues were not raised on direct appeal." (Doc. 11-24.)

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals and then an application for leave to appeal in the Michigan Supreme Court, in which he raised the same claims. Both courts denied Petitioner's application, holding that he "failed to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D)." *People v. Glover*, No. 264945 (Mich. Ct. App. March 23, 2006) (unpublished opinion); *People v. Glover*, 722 N.W.2d 828 (2006).

On February 26, 2007, Petitioner, through counsel, filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner asserts the following grounds for relief:

> I. Appellate counsel was constitutionally ineffective in that he failed to initiate Petitioner's appeal in a timely manner, thus depriving him of an appeal as of right.
>
> II. Prosecutorial misconduct, and the trial judge's sanctioning of it, denied Petitioner a fair trial.
>
> III. Trial counsel was burdened by an active conflict of interest, which he failed to disclose, which the trial judge failed to investigate, and which rendered counsel constitutionally ineffective.
>
> IV. Trial counsel provided ineffective assistance of counsel at sentencing.

> V. The entry into Petitioner's home was unlawful, and
> evidence of that arrest, and [evidence] derived from it, should
> have been excluded; trial counsel rendered constitutionally
> ineffective assistance in failing to challenge the entry and the
> admission of that evidence.
>
> VI. The trial court's exclusion of testimony regarding
> exculpatory extrajudicial statements of the complaining
> witness denied the Petitioner a fair trial and deprived him of
> the right to present a defense.

Respondent filed an Answer to the petition on July 31, 2008. Respondent argues that Petitioner's second through fifth claims are procedurally defaulted, his first claim lacks merit, and his sixth claim was presented only as a state law issue in the state courts and therefore has not been properly exhausted. Petitioner filed a reply brief on August 11, 2008.

**Standard of Review**

Petitioner's application for habeas relief is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996); *see Lindh v. Murphy*, 521 U.S. 320, 326-27, 117 S. Ct. 2059, 2063 (1997). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

5

28 U.S.C. § 2254(d). Simply stated, under Section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S. Ct. at 1523.

## Analysis

### Procedural Default

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief not raised on direct appeal, unless the defendant shows good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. Contrary to Petitioner's arguments in his reply brief, there can be no question that the state courts relied on this rule in denying Petitioner's motion for relief from judgment.

6

As set forth earlier, addressing all but his sentencing enhancement and unconstitutional search claims, the trial court wrote in it's December 29, 2004 opinion and order: "Defendant raised a number of issues in pro per. However, defendant has failed to establish ineffective assistance of counsel, or good cause why these issues were not raised on direct appeal." (Doc. 11-24.) The Michigan appellate courts denied Petitioner leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Glover*, No. 264956 (Mich. Ct. App. Mar. 23, 2006); *People v. Glover*, 722 N.W.2d 828 (Mich. Oct. 31, 2006). Under the circumstances, the Michigan courts clearly invoked the provisions of Michigan Court Rule 6.508(D)(3) when denying Petitioner's request for relief. *See, e.g., Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to consider possible prejudice. *Smith v. Murray*, 477 U.S. 527, 633, 106 S. Ct. 2661, 2666 (1986). In an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986).

7

Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998). In order to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995). Petitioner does not meet this burden and he has not alleged cause for his procedural default.

While Petitioner alleged ineffective assistance of appellate counsel in his motion for relief from judgment, the claim was premised on his counsel's failure to file a timely appeal of right. There has been no claim presented to the state courts that Petitioner's appellate counsel was ineffective for failing to raise on direct appeal the claims that now form Petitioner's second, third, fourth, and fifth grounds for habeas relief. Petitioner cannot now assert ineffective of assistance of appellate counsel based on counsel's failure to assert those claims because a claim must be "fairly presented" in the state courts before the federal courts have jurisdiction to consider the claim. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." *Id.* (citing *Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987)).

Accordingly, the Court concludes that review of Petitioner's second through fifth grounds for habeas relief are barred by his procedural default and his inability to establish cause to excuse the default or that a fundamental miscarriage of justice would result from

failing to review his claims. The Court therefore holds that Petitioner is not entitled to habeas relief based on those claims.

## Ineffective Assistance of Appellate Counsel

In his first ground in support of his request for habeas relief, Petitioner contends that his appellate attorney was ineffective in that he failed to file a timely appeal of right.

The Sixth Amendment entitles a criminal defendant to the effective assistance of counsel during his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830 (1985). A claim of ineffective assistance of appellate counsel is judged using the same two-prong test applied to ineffective assistance of trial counsel claims that the Supreme Court articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Smith v. Robbins*, 528 U.S. 259, 285 (2000). As set forth in *Strickland*:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S. Ct. at 2064. Petitioner contends that he need not establish prejudice to prevail on his ineffective assistance of appellate counsel claim because "the failure to perfect an appeal of right is a species of ineffective assistance of counsel which constitutes the wholesale deprivations of a defendant's Sixth Amendment rights, . . ." (Pet. Attach. B at 2.)

9

Petitioner, however, did not lose his direct appeal altogether due to counsel's errors. He was able to file an application for leave to appeal and the Michigan Court of Appeals considered the application on its merits (and in fact remanded the case for resentencing based on one of the claims of error alleged therein). Prejudice only is presumed if "the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S. Ct. 1029, 1039 (2000). Petitioner therefore must demonstrate prejudice resulting from his appellate counsel's failure to timely file a direct appeal as of right. He fails to do so and therefore he is not entitled to habeas relief based on this ground.

**Exclusion of Extrajudicial Statements of the Complaining Witness**

"[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S. Ct. 2142, 2146 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485, 104 S. Ct. 2528, 2532 (1984)). This does not mean that a defendant's right to introduce evidence at trial is absolute:

> While the Constitution thus prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.

*Holmes v. South Carolina*, 547 U.S. 319, 326, 126 S. Ct. 1727, 1732 (2006). But even

where a trial court has erroneously excluded defense evidence, "'whether the exclusion of [the] witnesses' testimony violated [the] defendant's right to present a defense depends upon whether the omitted evidence evaluated in the context of the entire record creates a reasonable doubt that did not otherwise exist.'" *United States v. Blackwell*, 459 F.3d 739, 753 (6th Cir. 2006) (quoting *Washington v. Schriver*, 255 F.3d 45, 57 (2d Cir. 2001)). This is because habeas relief only will be granted where the trial error "had a substantial and injurious effect or influence in determining the jury's verdict." *See Hereford v. Warren*, 536 F.3d 523, 528 (6th Cir. 2008) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S. Ct. 1710, 1714 (1993)).

Petitioner claims that he was denied the right to present a defense because the trial court precluded him from introducing testimony from his mother concerning statements by Ms. Wensko (the victim) that Petitioner did not sexually assault her. The exclusion of this specific evidence was harmless, however, because Petitioner's mother did inform the jury elsewhere during her testimony (and in fact several times) that Ms. Wensko admitted that Petitioner had not raped her. (8/30/00 Tr. Part B at 134, 135, 137.) Accordingly, Petitioner is not entitled to habeas relief based on this claim.

## Conclusion and Certificate of Appealability

For the above reasons, the Court concludes that the grounds Petitioner raises in support of his request for habeas relief are procedurally defaulted or lack merit. Petitioner therefore is not entitled to a writ of habeas corpus and the Court denies his

petition. The Court also denies Petitioner a certificate of appealability.

28 U.S.C. § 2253 governs appeals in § 2254 proceedings and provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." When a district court denies a habeas petition on the merits of the claims presented, the Supreme Court has instructed that a certificate should issue under this section only if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). Where, in comparison, the court denies the petition on procedural grounds, a certificate shall issue only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

The Court concludes that jurists of reason would not find its assessment of Petitioner's first and sixth claims debatable or wrong. With respect to Petitioner's remaining claims, the Court finds that jurists of reasons would not find its procedural ruling debatable.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner is denied a certificate of appealability.

DATE: March 29, 2010         s/PATRICK J. DUGGAN
                             UNITED STATES DISTRICT JUDGE

Copies to:

Mark Kriger, Esq.

Brad H. Beaver, Esq.